**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | **Criminal No.: RDB-14-577** |
| | * | |
| | * | |
| **JOHN EDWARD HAYES** | * | |

* * * * * * * * * * * * *

**JOINT MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

Now comes the Defendant, John Hayes, by his attorney, David R. Solomon, Esquire and P. Michael Cunningham, Assistant United States Attorney, and respectfully submits this Joint Motion To Exclude Time Pursuant To The Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to Title 18 U.S.C. § 3161 (h).

1. On February 6, 2015, the Defendant had an initial appearance on an Indictment alleging violations of 18 U.S.C. § 2113(a) and (f) for a February 3, 2014 robbery of the PNC Bank located at 1100 North Charles Street, Baltimore, Maryland (Count I); for a February 18, 2014 robbery of Wells Fargo Bank located at 860 North Rolling Road, Catonsville, Maryland (Count II); for a March 14, 2014 robbery of Wells Fargo Bank located at 860 North Rolling Road, Catonsville, Maryland (Count III); for an April 21, 2014 robbery of a Capital One Bank located at 11261 New Hampshire Avenue, Silver Spring, Maryland (Count IV); for an April 28, 2014 robbery of a Capital One Bank located at 11241 Georgia Avenue, Silver Spring, Maryland (Count V); for a May 1, 2014 robbery of a Sun Trust Bank located at 10000 Baltimore National Pike, Columbia, Maryland (Count VI); for a May 1, 2014 incident in which Defendant was charged with a violation of 18 U.S.C. § 924 (c)(1)(A) (Count VII); for a violation arising out of Possession of a Firearm on May 6, 2014 in violation of 18 U.S.C. § 922 (g)(1) (Count VIII).

Defendant was arraigned on the same day and consented to Detention pending trial, reserving the right to later contest the same, and remains in the custody of U.S. Marshals.

2. Almost all of the robberies allegedly involve the use of a firearm. When Mr. Hayes was arrested, he made an extensive confession, the recording of which has been provided to the Defendant. The parties have preliminarily addressed a potential negotiated disposition of the case, albeit the familiarization with the evidence and alleged offenses is extensive. In that regard, government counsel has provided Defendant with discovery arising out of the Indictment. During a recent telephone conference with the Court, counsel for both parties advised the Court that additional time was needed for defense preparation and adequate discussions about a negotiated resolution; additionally, defense counsel has requested a pre-plea criminal history. It should also be noted that a Scheduling Order has been issued in this matter with a Pre-Trial Conference to be held on May 27, 2015 at 4:30 p.m. and Trial to be conducted on June 1, 2015 with an estimated length of five (5) days. It is contemplated that the Defendant -- in the absence of completed plea-negotiations -- will file at least one (1) Motion To Suppress Evidence in the near future.

3. Under the Speedy Trial Act, specifically Title 18, United States Code, Section 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending.

4. Periods of delay which would extend the time within which trial should commence include delay resulting from pretrial motions, including this motion, and anticipated pretrial suppression motions. 18 U.S.C. § 3161(h)(1)(F). A period granted by this Court in which to file pre-trial motions is excludable delay under the general provision of Section 3161(h)(1)(F).

Although that section enumerates specific excludable proceedings, the list is not exhaustive, and has been interpreted to include a number of difference proceedings and events concerning a defendant. Circuit Courts have ruled that these excludable "proceedings" include time specifically granted for the research, preparation, and filing of pre-trial motions.[1] Underlying these decisions is the notion that the time specifically allotted for the research and preparation of pre-trial motions is a "procedure...which a defendant might legitimately seek to take advantage for the purpose of pursuing his defense." *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir. 1982). Additional time through the hearing and/or prompt disposition of such motions shall also be excluded pursuant to §3161(h)(1)(F).

5. Other periods of delay which would extend the time within which trial should commence include delay resulting from a continuance of the trial date beyond the seventy-day speedy trial date, if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial. See 18 U.S. C. § 3161(h)(8)(A). Factors which the Court must find

---

[1] See *United States v. Hoslett*, 998 F.2d 648, 654-57 (9th Cir. 1993); *United States v. Lewis*, 980 F.2d 555, 564 (9th Cir. 1992); *United States v. Benson*, 941 F.2d 598, 606 (7th Cir. 1991); *United States v. Barnes*, 909 F.2d 1059, 1064 (7th Cir. 1990); *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990); *United States v. Mobile Materials*, 871 F.2d 902, 913-14 (10th Cir. 1989)(per curiam), opinion supplemented on rehearing, 881 F.2d 866 (10th Cir. 1989); *United States v. Piontek*, 861 F.2d 152 (7th Cir. 1988); *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987); *United States v. Wilson*, 835 F.2d 1440, 1444-45 (D.C. Cir. 1987); *United States v. Thomas*, 788 F.2d 1250, 1256 (7th Cir.), Cert. denied, 479 U.S. 853 (1986); *United States v. Latham*, 754 F.2d 747, 752 n.4 (7th Cir. 1985); *United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985); *United States v. Jodoin*, 672 F.2d 232 (1st Cir. 1982).

applicable in order to make this finding are listed in Section 3161(h)(8)(B) and include the following:

a. "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

b. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

c. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

18 U.S.C. § 3161(h)(8)(B).

6. The Parties respectfully submit that all of the above factors are applicable to this prosecution and justify a postponement and continuation of the trial date beyond the speedy trial date. Given the complexity of this case, including the multi-jurisdictional nature of the offenses, the Parties submit that, taking into account the exercise of due diligence, the defendant could not be ready to defend this case within the seventy day period. In addition, the requested exclusion of time will afford the Parties an opportunity to continue to engage in negotiations to resolve the case short of a trial. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendant in a speedy trial.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(8)(A), for the period from February 6, 2014 through April 27, 2014.

Respectfully Submitted,

**P. MICHAEL CUNNINGHAM, AUSA**
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
Phone No.: 410-209-4884
Fax No. : 410-962-3091
Michael.Cunningham@usdoj.gov

**DAVID R. SOLOMON, ESQ.**
201 North Charles Street, Suite 1717
Baltimore, Maryland 21201
Phone No.: 410-244-8822
Fax No. : 410-625-1028
drsolomonlaw@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16 day of March, 2015, a copy of the foregoing was served via CM/ECF on all counsel of record.

DAVID R. SOLOMON, ESQ.